IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLENN HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CIVIL NO. 3:16-cv-00198-NJR** |
| **M. HILL,** ) | |
| **PAUL GRIFFIN, and** ) | |
| **UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Glenn Harris is currently incarcerated at the Madison County Jail ("Madison"). (Doc. 1 at 1.) Proceeding *pro se*, Harris has instituted an action pursuant to 42 U.S.C. § 1983 against three Madison corrections officers for improper medical care. (*Id.* at 5.) Harris seeks monetary and injunctive relief. (*Id.* at 6.) On March 16, 2016, the Court dismissed Harris's first complaint and granted him leave to file an amended complaint that conforms with Federal Rule of Civil Procedure 8. (Doc. 9.) On April 4, 2016, Harris filed his First Amended Complaint. (Doc. 10.)

This matter is now before the Court for a preliminary review of Harris's amended complaint, pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Complaint

Harris's complaint states the following facts. On October 15, 2015, after hitting his head on the metal bench in the day room of A-North, Harris experienced bleeding above his right eye. (Doc. 10 at 5.) Defendant Sergeant Paul placed Harris in an attorney's booth, where Defendant Lieutenant Hill and Defendant Unknown Party (unknown correctional officer) examined Harris's eye. (*Id.*) Harris's eye would not stop bleeding. (*Id.*)

Hill told Harris that he did not require stiches and, instead, instructed the unknown correctional officer to apply "butterfly stiches" to Harris's wound. Harris also told the officers that he was experiencing back pain and that his teeth had been knocked loose; however, he was simply taken to a different cell block where he was ignored. (*Id.*)

The next day, Harris was called to the infirmary for x-rays of his eye. (*Id.*) His back and teeth were not examined. (*Id.*)

## Discussion

Harris's allegations concern the Eighth Amendment's Cruel and Unusual Punishment Clause. *See* U.S. CONST. amend. VIII. To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Even if Harris's injuries constitute "objectively serious" medical conditions, the plaintiff has not alleged that the three defendants responded to his medical needs with deliberate indifference.

Prison officials act with deliberate indifference when they "realize[] that a substantial risk of serious harm to a prisoner exists, but then disregard[] that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776-77 (7th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012)

(internal quotation marks and citations omitted). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Harris does not allege that the defendants disregarded his injury. By Harris's account, the defendants attempted to alleviate his condition by applying "butterfly stiches" to his wound. Further, Harris was taken to the infirmary the next day, where he received an x-ray. Alleging that the defendants may have failed to provide Harris "the best care possible" (stiches in Harris's estimation) does not raise an Eighth Amendment claim for deliberate indifference.[1] Therefore, the complaint shall be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that his action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court

---

[1] Harris also alleges that he told the defendants that he was experiencing back pain and that his teeth were loose. (Doc. 10 at 5.) He does not provide the Court with additional information as to these conditions, and he does not name as a defendant the person who allegedly failed to review these injuries when he was in the infirmary.

within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. FED. R. APP. P. 4(A)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**

**DATED: May 10, 2016**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**